IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CURTIS PRATT, JR.                                                                    PLAINTIFF

vs.                                        Civil No. 5:08-cv-05088

MICHAEL J. ASTRUE                                                              DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Curtis Pratt, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm

Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report

and recommendation.  The Court, having reviewed the entire transcript and relevant briefing,

recommends that the ALJ's determination be **REVERSED AND REMANDED.**

## 1. Background:

Plaintiff protectively an application for SSI on August 31, 2006.  (Tr. 52, 94-98).  Plaintiff

alleged he was disabled due to seizures and knee pain.  (Tr. 111).  Plaintiff alleged an onset date of

October 2, 2003.  (Tr. 94).  This application was initially denied on January 18, 2007 and was denied

again on reconsideration on March 1, 2007.  (Tr. 47-48).  On March 26, 2007, Plaintiff requested an

administrative hearing on his application.  (Tr. 68).  This hearing was held on September 17, 2007

in Fayetteville, Arkansas.  (Tr. 7-40).  Plaintiff was present and was represented by counsel, Mima

1

Cazort, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Tanya Owens testified at this hearing. *See id.*

On January 15, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 52-60). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 31, 2006, his application date. (Tr. 54, Finding 1). The ALJ determined Plaintiff had the following severe impairments: knee pain and seizures. (Tr. 54, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 54-55, Finding 3).

The ALJ determined Plaintiff was born on August 31, 1981 and on the date his application was filed, was twenty five years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009). (Tr. 59, Finding 6). The ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 59. Finding 7). In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 55-58, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not totally credible. (Tr. 55-58). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except that the claimant must alternate sitting and standing at will, avoid unprotected heights, avoid moving machinery and avoid driving.

(Tr. 55-58, Finding 4).

The ALJ then evaluated Plaintiff's PRW and his ability to perform that work and other work

2

in the national economy.  (Tr. 58-60, Findings 5, 9).  Plaintiff and the VE testified at the administrative hearing regarding these issues.  (Tr. 7-40).  Based upon this testimony, the ALJ determined Plaintiff had no PRW he could perform.  (Tr. 58, Finding 5).  However, the ALJ also determined Plaintiff would be able to perform other work existing in significant numbers in the national economy.  (Tr. 59-60).  Specifically, the VE testified that Plaintiff would be able to perform work as an assembler (sedentary, unskilled) with 1,100 such jobs in Arkansas and 57,000 in the United States and as a hand packager (light, unskilled) with 900 such jobs in Arkansas and 61,000 in the United States. (Tr. 31, 59-60).  Based upon this testimony, the ALJ determined Plaintiff could perform work existing in significant numbers in the national economy and had not been under a disability from August 31, 2006 until the date of his decision.  (Tr. 60, Finding 10).

On January 24, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 6).  *See* 20 C.F.R. § 404.968.  On February 8, 2008, the Appeals Council declined to review the ALJ's unfavorable decision.  (Tr. 2-4).  On April 17, 2008, Plaintiff filed the present appeal.  (Doc. No. 1).  Both parties have filed appeal briefs.  (Doc. Nos. 7-8).  This case is now ready for decision.

**2. <u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

4

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. **Discussion:**

Plaintiff brings the present appeal raising the following two issues: (A) whether the ALJ committed reversible error by failing to consider all the relevant evidence in determining Plaintiff's RFC and (B) whether the ALJ committed reversible error when he concluded that Plaintiff's allegations of disabling pain were not explicitly supported by the medical record.  (Doc. No. 7, Pages 3-8).  In response, Defendant claims that the ALJ properly evaluated Plaintiff's RFC and that the ALJ properly evaluated Plaintiff's credibility.  (Doc. No. 8, Pages 9-11).  Because this Court finds the ALJ erred in evaluating Plaintiff's subjective complaints, this Court will only address that issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ

is not required to methodically discuss each factor as long as the ALJ acknowledges and examines

these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d

969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several

valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's

credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th

Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739

F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

determination, articulating the reasons for discrediting the testimony, addressing any

inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not follow the dictates of *Polaski.*  Instead of evaluating

the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the

record as a whole, the ALJ instead relied almost entirely upon Plaintiff's objective medical records

in determining Plaintiff was not disabled.  (Tr. 55-58).  Such reliance is expressly prohibited by

*Polaski*. 739 F.2d at 1322 (holding that the ALJ cannot discount Plaintiff's subjective complaints

"solely because the objective medical evidence does not fully support them").  Furthermore, instead

6

of examining the *Polaski* factors, the ALJ merely stated the following:

> The claimant's testimony and statements were evaluated consistent with SSR 96-3p,
> SSR 96-4p and SSR 96-7p, but are not entirely credible.

(Tr. 58).  The ALJ then only noted three inconsistencies between Plaintiff's subjective complaints and the record: (1) despite his complaints of knee pain, Plaintiff was able to walk up to half an hour to get to work at the University of Arkansas on a daily basis for a period of time in 2007; (2)  despite his complaints of disability, Plaintiff was able to do work "off the books" for his landlord; and (3) despite his complaints of disabling "stress seizures," Plaintiff was able to drive himself to the emergency room on more than one occasion.  *See id.*  These three findings, and the ALJ's primary reliance on Plaintiff's medical records, are not sufficient to meet the requirements of *Polaski*.  Therefore, this case must be reversed and remanded.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence.  The undersigned recommends that this case be reversed and remanded for further consideration consistent with this opinion.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 10th day of June, 2009.**

/s/   Barry A. Bryant
                    HON. BARRY A. BRYANT
                    U.S. MAGISTRATE JUDGE

7